**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**
**CIVIL ACTION NO. 4:07CV-P103-M**

**MARSHALL RASHON DEBREE**                                               **PLAINTIFF**

**v.**

**JOE BLUE** *et al.*                                                                    **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff, a convicted inmate currently incarcerated at the Hopkins County Jail, filed this civil rights action under 42 U.S.C. § 1983 ("§ 1983") against jail employees/officials: 1) Joe Blue; 2) Paul Knowles; 3) Brian Tucker; and 4) Sara Bean. Plaintiff has sued each Defendant in both his/her individual and official capacities. Plaintiff alleges that Defendants through their actions/inactions have violated his Fifth, Sixth, and Fourteenth Amendment rights.

The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court will dismiss Plaintiff's Fifth and Sixth Amendment claims, construe Plaintiff's Fourteenth Amendment claim as a claim for deliberate indifference under the Eighth Amendment, and allow the Eighth Amendment claim to proceed for further development against Defendants in their official and individual capacities.

**I. STATEMENT OF CLAIM**

According to Plaintiff, he has been incarcerated at the Hopkins County Jail as a Class -D state inmate since approximately April 4, 2007. Plaintiff alleges that he suffers from an unidentified psychiatric condition, which requires him to take medication. He claims that at the time he was transferred to the Hopkins County Jail he had his medications with him. However, he was told by medical and jail staff that he could not take them while in the Hopkins County Jail because they were sedatives, and therefore, against the jail's policies. He further alleges that

Defendants have admitted that they cannot properly treat his condition, but nevertheless refuse to initiate a transfer to another facility better equipped to handle his psychological disorder.

## II.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A; *McGore*, 114 F.3d at 604.  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.,* 289 F.3d 417, 424 (6th Cir. 2002).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364 (1982), a plaintiff is required to plead more than bare legal conclusions.  *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under

some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

### III.  ANALYSIS

**A.  Fifth Amendment Claims**

The Fifth Amendment of the United States Constitution provides:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. CONST., amend. V.

Plaintiff fails to explain how the Fifth Amendment applies to his claims.  Based on the facts as alleged by Plaintiff, the Court does not find that Plaintiff has a cognizable Fifth Amendment claim against Defendants in this instance.  Specifically, the Court notes that to the extent that Plaintiff is attempting to rely on the Due Process Clause of the Fifth Amendment, it circumscribes only the actions of the federal government.  *See, e.g.*, *Sturgell v. Creasy*, 640 F.2d 843, 850 (6th Cir. 1981); *Walker v. Hughes*, 558 F.2d 1247, 1257 (6th Cir. 1977).  Here, the actions of state, not federal, officials are at issue, and the Court will dismiss the Fifth Amendment claims.

**B.     Sixth Amendment Claims**

The Sixth Amendment of the United States Constitution provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. CONST., amend. VI.

The Court has carefully reviewed Plaintiff's complaint and cannot find any allegations that would establish a violation of the Sixth Amendment. Accordingly, the Court will dismiss Plaintiff's Sixth Amendment claims.

**C.      Fourteenth Amendment Claim**

Plaintiff alleges that Defendants' failure to properly treat and manage his psychiatric illness amounts to deliberate indifference under the Fourteenth Amendment. However, Plaintiff alleges that he has been a convicted inmate at all times relevant to the complaint. Accordingly, Plaintiff's claim is more properly construed as one brought under the Eighth Amendment. *See Watkins v. City of Battle Creek*, 273 F.3d 682, 685-86 (6th Cir. 2001) (explaining that the Fourteenth Amendment protects pretrial detainees from deliberate indifference while the Eighth Amendment protects convicted inmates). Because the right to receive medical care is the same under the Eighth and the Fourteenth Amendments, the Court will construe Plaintiff's Fourteenth Amendment claim as an Eighth Amendment deliberate indifference claim.

To sustain a cause of action for failure to provide medical treatment, a plaintiff must demonstrate that the defendants acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "Medical needs encompass treatment for mental illness." *Davis v. Oakland County*, No. 96-1678, 1998 U.S. App. LEXIS 7172 (6th Cir. Apr. 7, 1998). Plaintiff alleges that he suffers from some type of mental illness, that Defendants refuse to provide him with medication to treat this illness because it is against the institution's rules to pass out sedatives, and that Defendants have admitted that they lack the resources to properly treat his condition. Based on Plaintiff's allegations, the Court will allow this claim to proceed against Defendants in both their individual and official capacities.

The Court will enter separate Orders consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
 Defendants
 Hopkins County Attorney

4414.008